**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MIGUEL ANGEL MALDONADO, individually
and on behalf of others similarly situated,
                                   Plaintiffs,
    -against-

SK 1448 INC. ET AL.,
                              Defendants.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/28/19

18 CIVIL 11418 (JGK)

## JUDGMENT

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated March 27, 2019, judgment is hereby entered in favor of Plaintiff Miguel Angel Maldonado and against SK 1448 Inc., et al., in the amount of $3,570 for attorney's fees, together with costs of $614, for a total of $4,184.00, which is to be deducted from the total settlement amount of $18,000.00; as per the attached settlement agreement.

Dated:  New York, New York
         March 28, 2019

                                                RUBY J. KRAJICK
                                                Clerk of Court
                         BY:
                                                Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MIGUEL ANGEL MALDONADO, *individually and on behalf of others similarly situated*,

                                    *Plaintiff*,

-against-

SK 1448 INC. (D/B/A NAMASTE), PARMINDERJIT SINGH, JOHN DOE (A.K.A. LINO), and AHMED DOE,

                                    *Defendants*.
----------------------------------------------------------X

Case No: 18-cv-11418 (JGK)

SETTLEMENT AGREEMENT AND RELEASE

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff MIGUEL ANGEL MALDONADO ("Plaintiff") on the one hand, SK 1448 INC. (D/B/A NAMASTE), ("Defendant Corporation"), and PARMINDERJIT SINGH (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants") (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that he worked for Defendants as employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-11418 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Eighteen Thousand Dollars and No Cents (**$18,000.00**) (the "Settlement Amount") to be paid to Plaintiff's attorneys

in Eighteen ("6") installments, as follows:

(a) Installment One: A post-dated check in the amount of Three Thousand Dollars and No Cents ($3,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(b) Installment Two: A post-dated check in the amount of Three Thousand Dollars and No Cents ($3,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(c) Installment Three: A post-dated check in the amount of Three Thousand Dollars and No Cents ($3,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(d) Installment Four: A post-dated check in the amount of Three Thousand Dollars and No Cents ($3,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit One Hundred Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(e) Installment Five: A post-dated check in the amount of Three Thousand Dollars and No Cents ($3,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit One Hundred Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(f) Installment Six: A post-dated check in the amount of Three Thousand Dollars and No Cents ($3,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit One Hundred Eighty Days (180) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.


(a). Concurrently with the execution of this Agreement, Defendants SK 1448 INC. (D/B/A NAMASTE) and PARMINDERJIT SINGH shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time

other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiffs'' counsel's escrow account, or Defendants fail to deliver the payments to Plaintiffs' counsel within thirty days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail, SK 1448 INC. (D/B/A NAMASTE), at 1448 1st Avenue, New York, NY 10021. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in the respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. <u>Acknowledgments:</u> Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

SK 1448 INC. (D/B/A NAMASTE)
PARMINDERJIT SINGH
1448 1st Avenue
New York, New York 10021
Tel: 718-864-1880

7. **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Escobar agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. **Release Notification**: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledges that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____        Date: _____
MIGUEL ANGEL MALDONADO

DEFENDANTS:

By: _____     Date: 3-5-19
SK 1448 INC. (D/B/A NAMASTE)

By: _____     Date: 3-5-19
PARMINDERJIT SINGH